IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CLEVON S. EDWARDS,

    Petitioner,

v.                                                                   Civil Action No. **3:12CV582**

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION

Petitioner, a federal inmate proceeding *pro se*, submitted a Notice of Motion to Vacate Conviction and Sentence under 28 U.S.C. § 2241 and a Writ of Audita Querala. Because Petitioner appeared to challenge his conviction and sentence, by Memorandum Order entered September 24, 2013, the Court warned Petitioner that he may only proceed under 28 U.S.C. § 2255. Additionally, the Court informed Petitioner that in the United States District Court for the Eastern District of Virginia, all *pro se* petitions for writs of habeas corpora must be filed on a set of standardized forms. *See* E.D. Va. Loc. Civ. R. 83.4(A). The Court mailed Petitioner the standardized form for filing a § 2255 motion and a § 2241 petition and directed him to complete and return the appropriate form to the Court within eleven (11) days of the date of entry hereof. The Court warned Petitioner that the failure to complete and return the form in a timely manner would result in dismissal of the action. *See* Fed. R. Civ. P. 41(b). Petitioner failed to return either form. Moreover, the Court's September 24, 2013 Memorandum Order was returned to the Court by the United States Postal Service marked "Return to Sender." Accordingly, by Memorandum Opinion and Order entered November 6, 2013, the Court dismissed the action without prejudice because Petitioner failed to comply with the Court's directives.

The matter is before the Court on Petitioner's Motion Requesting Reconsideration of the November 6, 2013 decision pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b) Motion," ECF No. 16.) Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party ... from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). It is an extraordinary remedy requiring a showing of extraordinary circumstances. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). The party seeking relief under Rule 60(b) must cross the "initial threshold" showing of "'[ (1) ] timeliness, [ (2) ] a meritorious [claim or] defense, [ (3) ] a lack of unfair prejudice to the opposing party, and [ (4) ] exceptional circumstances.'" *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). Petitioner fails to identify any extraordinary circumstance that warrants relief.

Petitioner states that he never received the Court's September 24, 2013 Memorandum Order directing Petitioner to complete and return the enclosed forms within eleven (11) days of the date of entry thereof. Petitioner concedes that he did not receive the September 24, 2013 Memorandum Order because he failed to keep the Court apprised of his current address. Petitioner fails to demonstrate any error by the Court, much less any basis for granting him relief. Moreover, Petitioner may simply file a new action. Accordingly, Petitioner's Rule 60(b) Motion (ECF No. 16) will be denied.

The Clerk will be DIRECTED to mail Petitioner the standardized forms for filing a motion pursuant to 28 U.S.C. § 2255 and a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241. Petitioner may file a new action by completing and returning the appropriate forms.

An appropriate Order shall accompany this Memorandum Opinion.

/s/ 
John A. Gibney, Jr.
United States District Judge

Date: 1/17/14
Richmond, Virginia